UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE W. BOSWELL,

        Petitioner,

v.                                           CASE NO. 14-12705
                                            HONORABLE GERSHWIN A. DRAIN

LORI GIDLEY,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

### I. Introduction

Petitioner Tyrone W. Boswell recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold his habeas petition in abeyance. The petition challenges Petitioner's Wayne County conviction and life sentence for first-degree (felony) murder, Mich. Comp. Laws § 750.316(1)(b). On appeal from his conviction, Petitioner argued that (1) the prosecution failed to introduce legally sufficient evidence, (2) the trial court's verdict was against the great weight of the evidence, and (3) defense counsel was ineffective for failing to call certain witnesses, among other things. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished, *per curiam* opinion. *See People v. Boswell*, No. 307342 (Mich. Ct. App. July 23, 2013). Petitioner claims that he sent a timely application for leave to appeal to the Michigan Supreme Court, but that the court did not receive his application.

On June 30, 2014, Petitioner submitted his habeas corpus petition to prison officials for mailing to this Court. His grounds for relief are (1) the prosecution failed to introduce legally sufficient evidence and (2) defense counsel was ineffective for failing to call certain witnesses.

In his motion to hold the habeas petition in abeyance, Petitioner alleges that he filed a motion for relief from judgment in the state trial court simultaneously with his habeas petition. His post-conviction motion in state court raises the following new claims, which Petitioner would like to add to his habeas petition: (1) the prosecution elicited fabricated testimony from the officer in charge; (2) the trial judge was biased; and (3) appellate counsel was ineffective. Petitioner would like the Court to stay this case and to hold his habeas petition in abeyance while he exhausts state remedies for these new claims.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. So, to be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir.

2009).

Petitioner currently is pursuing state remedies for three unexhausted claims that he wishes to raise in his habeas petition. If the Court were to dismiss the petition while Petitioner pursues additional state remedies, the Court could be precluded from considering a second or subsequent habeas petition due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Under the "stay-and-abeyance" approach adopted by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), a court may stay a federal proceeding and hold a habeas petition in abeyance while the inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Id.* at 275. After the petitioner exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76.

Federal district courts have authority to issue stays, *id.* at 276, and it likely would be an abuse of discretion not to stay a case when the petitioner has good cause for his failure to exhaust state remedies, his unexhausted claims are potentially meritorious, and he is not engaged in intentionally dilatory litigation tactics. *Id.* 278. The petitioner's interest in obtaining federal review of his claims in those circumstances "outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

Petitioner's proposed new claims are potentially meritorious, and he is not engaged in intentionally dilatory litigation tactics. Furthermore, he alleges that appellate counsel was ineffective for failing to raise his unexhausted claims on direct appeal. Under the circumstances, it would be an abuse of discretion not to stay these proceedings while Petitioner pursues additional state remedies.

Accordingly,

IT IS ORDERED that Petitioner's motion to hold his habeas corpus petition in abeyance (Doc. No. 2) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes.  Nothing in this order shall be construed as an adjudication of Petitioner's current claims or a ruling on whether the current claims are exhausted or procedurally defaulted.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order.  An amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies.

     /s/Gershwin A Drain_____
     GERSHWIN A. DRAIN
     UNITED STATES DISTRICT JUDGE

Dated: August 13, 2014

4